IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

| | |
|---|---|
| RUFUS LOVELL BROOKS<br><br>Plaintiff<br><br>v.<br><br>AMPCUS, INC.<br><br>Defendant | Case No.: 6:23-cv-1756 |

**DEFENDANT'S, AMPCUS, INC.,
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)-(b)**

TO THE CLERK AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that Defendant, AMPCUS, Inc. ("Ampcus" or "Defendant"), by counsel, pursuant to 28 U.S.C. § 1441, hereby removes the above-captioned action from the Ninth Judicial Circuit Court in and for Orange County, Florida, where the action has been pending as Case No. 2023-CA-014420-O (the "State Court Action"), to the United States District Court for the Middle District of Florida (Orlando Division). For the reasons set forth below, this Court has subject-matter jurisdiction, and Defendant further states as follows:

**INTRODUCTION**

1. On August 14, 2023, Plaintiff, Rufus Lovell Brooks ("Plaintiff"), commenced a civil action by filing a Complaint (the "Complaint") against Defendant, Ampcus, in the Ninth Judicial Circuit Court and for Orange County Florida, where the action has been pending as Case No. 2023-CA-014420-O, *i.e.*, the State Court Action. *See attached*

{00175577 }                                1

***Exhibit "A"*** *Plaintiff's Complaint.*

2. Defendant is removing the State Court Action based on complete diversity of citizenship among the parties, and the amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332(a).

3. On August 21, 2023, Defendant received a copy of the Complaint by personal service of process. This removal is being effected within thirty (30) days after service of the Complaint and is therefore timely. 28 U.S.C. § 1446(b)(1) (2011); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (thirty-day deadline for filing notice of removal begins to run at time of service of process).

4. True and correct copies of "all process, pleadings, and orders" accepted as served upon Defendant to date are attached hereto as **Exhibit B** in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

## GROUNDS FOR REMOVAL

5. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1441, which provides in pertinent part:

   a) **Generally**. - Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

   b) **Removal Based on Diversity of Citizenship**.—

   (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

> *Id.* § 1441(a)-(b).

6. This action is properly removable under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1).

7. There is complete diversity of citizenship between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

8. With regard to amount in controversy, Plaintiff's Complaint does not plead a specific amount of damages, only that the damages exceed $15,000.00 (Count I – as to Plaintiff's claims against Defendant related to Ericsson) and that damages exceed $75,000 (Count III – as to Plaintiff's claims against Defendant related to Verizon), each exclusive of interest, attorney's fees and costs. *See* Plaintiff's Complaint attached hereto as **Exhibit A**. Therefore, Plaintiff admits that the amount in controversy exceeds $90,000 as evidenced on the face of the Complaint, which exceeds the jurisdictional requirement.

## CITIZENSHIP OF THE PARTIES

9. In order for Diversity jurisdiction to exist, there must be "complete diversity," that is, each defendant must be a citizen of a state different from that of each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Palmer v. Hosp. Auth.*

*of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir.1994).

10. "'Citizenship,' or 'domicile,' is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280-81 (M.D. Ala. 1998) (quoting *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Texas v. Florida*, 306 U.S. 398, 424 (1939); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984)).

11. An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58 (citation and internal quotation marks omitted).

12. In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352 (1874). One such presumption is that the state in which a person resides at any given time is also that person's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954). *See also generally* 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3612.

13. Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes. *Garcia*

*v. Am. Heritage Life Ins. Co.*, 773 F. Supp. 516, 520 (D.P.R. 1991); FEDERAL PRACTICE AND PROCEDURE § 3612.

14. Plaintiff alleges in the Complaint that he is a resident of the city of Orlando, Florida. *See* **Exhibit A,** Compl. ¶ 4.

15. Based on the quit claim deed dated December 6, 2012, Plaintiff, Rufus Brooks, owns the real property located at 14016 Myrtlewood Drive, Orlando, FL 32832, the same address listed in Plaintiff's Complaint. *See* quit claim deed attached hereto as **Exhibit D**.[1]

16. Further, Mr. Brooks has claimed a homestead exemption on this property. *See* copy of Orange County Property Appraiser's property detail attached hereto as **Exhibit E**. Therefore, Rufus Brooks is a citizen of Florida.

17. Defendant Ampcus is a Virginia corporation, with a principal place of business in Virginia. *See* **Exhibit A**, Compl. ¶¶ 6-7; **Exhibit F** – Declaration of Anjali Ramakumaran.

18. The citizenship of a corporation is determined by "any state by which it has been incorporated and of the state where it has its principal place of business." *Wright v. IFF Chem. Holdings, Inc.*, 549 F. Supp. 3d 1331, 1332 (M.D. Fla. 2021) (corporate citizenship for purposes of subject-matter jurisdiction is determined based on state of incorporation and location of principal place of business) (citing *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017)). Accordingly, for diversity jurisdictional purposes, Ampcus is a citizen of the Commonwealth of Virginia.

19. At the time when this action was commenced, at the present time, and at

---

[1] Exhibit C is reserved.

all times material to this action, Plaintiff is a citizen of Florida and Defendant is a citizen of Virginia. Therefore, Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

20. As, Plaintiff is a citizen of Florida and Defendant is a citizen of Virginia (and not a citizen of Florida), complete diversity exists for purposes of removal here.

21. Defendant has sought no relief before the Ninth Judicial Circuit Court in and for Orange County, Florida.

## VENUE

22. Removal to this judicial district is proper under 28 U.S.C. § 1441(a), because the State Court Action was originally pending in this judicial district, namely, the Ninth Judicial Circuit Court in and for Orange County Florida.

## NOTICE TO THE NINTH JUDICIAL CIRCUIT COURT FOR ORANGE COUNTY FLORIDA

23. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice, Defendant is filing a copy of same with the Clerk of the Ninth Judicial Circuit Court in and for Orange County, Florida, together with a notice of filing of notice of removal. Written notice of the filing of this Notice of Removal will also be served upon Plaintiff.

24. Defendant has effectuated removal, and the Ninth Judicial Circuit Court in and for Orange County, Florida shall proceed no further in this action unless and until the case is remanded.

25. Defendant reserves the right to supplement this Notice by adding any jurisdictional defenses which may independently support a basis for removal.

## RESERVATION OF RIGHTS

26. Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of any of Defendant's rights to move for dismissal for any reason or to assert any defense, objection, or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense under Federal Rule of Civil Procedure 12 or any state or federal statute which it may be qualified to assert.

**WHEREFORE**, Defendant respectfully removes the State Court Action that had been pending in the Ninth Judicial Circuit Court in and for Orange County Florida Case No. 2023-CA-014420-O to the United States District Court for the Middle District of Florida Orlando Division.

Respectfully submitted,

Dated:  September 11, 2023.        **LUCIE A. ROBINSON, PLLC**

/s/ *Lucie A. Robinson*_____ _____
Lucie A Robinson (Florida Bar No. 113088)
111 North Orange Avenue, Suite 800
Orlando, FL 32801
Main: (407) 554-5836
Fax: (407) 337-1572
service@larlegalgroup.com

Matthew E. Feinberg (*pro hac vice* forthcoming)
Mansitan Sow (*pro hac vice* forthcoming)
**PILIEROMAZZA PLLC**
1001 G Street, NW, Suite 1100
Washington, D.C. 20001
Ph:  (202) 857-1000
Fax:  (202) 857-0200
*mfeinberg@pilieromazza.com*
*msow@pilieromazza.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2023, a true and correct copy of the foregoing document was served on each party appearing pro se and on the attorney of record for each other party separately appearing by delivering a copy of the same via first-class mail, postage prepaid, to:

Rufus Lovell Brooks
14016 Myrtlewood Drive
Orlando, FL 32832
*brooks.rufus@yahoo.com*

                                              /s/ *Lucie A. Robinson*
                                              Lucie A. Robinson